UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:08CV150-J

JOSEPH L. WELLS                                                                    PLAINTIFF

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                  DEFENDANT

## MEMORANDUM OPINION

Before the Court is plaintiff's Complaint seeking judicial review of the final decision of the Commissioner denying his application for Disability Insurance Benefits. The plaintiff is represented by attorney Greg Marks. The fact and law summaries of the plaintiff and the defendant are before the Court, and the matter is ripe for review. After examining the administrative record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the Commissioner should be vacated and the matter remanded for further proceedings.

## PROCEDURAL HISTORY

Plaintiff filed an application for disability benefits on June 7, 2005 alleging that he became disabled on January 31, 2005 as a result of a left shoulder injury, torn rotator cuff and three herniated discs in his lower back. Plaintiff attended school through the 10th grade, but was in special education classes. He later obtained a GED, and worked for the Jefferson County Public Schools doing painting and maintenance for some 21 years. The record contains evidence that the plaintiff had IQ testing (WISC) on November 9, 1964 at age 9. The results of that testing showed he had a Full-Scale IQ of 62, a Performance IQ of 58, and a Verbal IQ of 72 (TR 109).

## STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). Substantial evidence exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

## ARGUMENTS ON THIS APPEAL

Plaintiff challenges the ALJ's Decision for failing to identify the claimant's history of special education with low IQ scores as a severe impairment, and to consider the impact of his cognitive limitations in the hypothetical questions posed to the vocational expert. Further, plaintiff objects to the ALJ's summarily dismissing the possibility that he meets or equals Listings 12.05B or C for mental retardation, noting only that "the Administrative Law Judge has reviewed the records and finds that the claimant does not have impairments which meet or equal the requirements" of any listing (TR 21).

While it is true that the claimant bears the burden of establishing disability, and in particular establishing that his condition meets or equals a listed impairment, there is a complete lack of analysis of the claimant's mental limitations. The Court finds the following errors:

1) the ALJ's failure to identify plaintiff's mental limitation as a severe impairment

is not supported by substantial evidence; and

2

2) the ALJ's cursory discussion of the listings is insufficient – as it stands, there is little to assist this Court in the way of meaningful judicial review under Listings 12.05B & C.

Accordingly, the Court remands this case for further analysis and development of the claimant's mental impairment.

An order in conformity has this day entered.